ALBANY,
Feb. 1829.

Potter
v.
Tuttle.

**POTTER vs. TUTTLE.**

Carelessness in preparing law papers troublesome to the court and injurious to parties.

MOTION to set aside proceedings for irregularity. On the 13th day of June a notice of retainer and bail was served on the agent of the plaintiff's attorney. On the 20th day of June a declaration and notice of rule to plead was served on S. Jenkins, attorney for the defendant, by affixing the same in the clerk's office in Albany, the said S. Jenkins having no agent appointed there. The plaintiff took a default, perfected his judgment and issued execution; which was now moved to be set aside for irregularity, by T. Jenkins, on the ground of his not having been served with a declaration. The attorney for the plaintiff made affidavit that when he received the notice, he believed, and still believes, that the initial letter of the christian name of the attorney for the defendant was S., which was the reason why the declaration was not served on T. Jenkins. The notice was produced in court. There was no affidavit of merits.

*By the Court,* MARCY, J. The defendant, seeking to set aside the plaintiff's proceedings solely on the ground of irregularity, must shew a clear case. That is not done here. The plaintiff's attorney believed, at the time of receiving the notice, and still believes, that the initial of the name subscribed to the notice was S. and not T.; and from an inspection of the paper, the court are satisfied that he might well so believe. The motion must therefore be denied, with costs.*

---

* Mr. J. MARCY, in pronouncing the decision in this case, remarked, that the profession could not be aware, he was satisfied, not only of the inconvenience to which the court was put, but the injury which parties unavoidably sustained from not having their papers properly engrossed; that frequently as much time was wasted in deciphering a paper, as in examining the point presented by it; and yet, with all the diligence the court bestowed to the task, frequently many words were left unravelled.